IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Honghushi Warren Electronic Commerce Co. LTD,**<br><br>Plaintiff,<br><br>v.<br><br>**Skull Candy Limited,**<br><br>Defendant. | Civil Action No.: 1: 25-cv-xxxx<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Honghushi Warren Electronic Commerce Co., Ltd. ("Plaintiff") brings this action against Defendant Skull Candy Limited ("Defendant"), a corporation organized under the laws of Samoa, and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. § 1114 et seq.

2. Defendant claims ownership of U.S. Trademark Registration No. 7,201,807 for the mark MAGIGFT, covering goods in International Class 21, including cookie cutters, bento boxes, and related kitchenware (the "'807 Registration"). A true and correct copy of the '807 Registration is attached hereto as Exhibit A.

3. On June 27, 2025, Plaintiff received notice from Amazon that Defendant had submitted a complaint alleging that Plaintiff's cookie cutter product (the "Accused Product")

infringes the '807 Registration. A true and correct copy of the Amazon complaint notice is attached hereto as Exhibit B.

4. Upon information and belief, Defendant is not the direct seller of the products that it has accused of trademark infringement. Nonetheless, Defendant is the recorded owner of the '807 Registration and submitted the Amazon Complaint through Amazon's internal trademark enforcement process. Defendant's actions have caused Plaintiff's listings to be removed from Amazon.com and have disrupted Plaintiff's business operations in the United States. These enforcement efforts form the basis of the present controversy and give rise to Plaintiff's claims for declaratory relief.

5. Amazon's trademark infringement notice system permits rights holders to request removal of product listings by submitting a claim of intellectual property infringement. If the accused seller is unable to resolve the matter directly with the complainant, Amazon will typically remove the listing. The parties have engaged in discussions to resolve the dispute in good faith, but have been unable to reach a resolution.

6. An actual and justiciable controversy exists between the parties. Plaintiff seeks a declaration that its manufacture, use, offer for sale, sale, and importation of the Accused Product does not infringe, dilute, or otherwise violate any trademark or other intellectual property rights asserted by Defendant under federal or applicable state law.

7. An actual and justiciable controversy also exists as to the validity of Defendant's asserted trademark rights. Plaintiff seeks a declaration that U.S. Trademark Registration No. 7,201,807 is invalid and unenforceable under applicable law.

8. Defendant's assertion, or intended assertion, of trademark infringement claims against Plaintiff's products has disrupted Plaintiff's business operations and given rise to a

present, concrete, and justiciable controversy. Accordingly, and as set forth more fully below, Plaintiff brings this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment that it has not infringed Defendant's trademark and that the '807 Registration is invalid and/or unenforceable.

**THE PARTIES**

9. Plaintiff Honghushi Warren Electronic Commerce Co., Ltd., doing business as stbeyond, is a privately held company organized under the laws of the People's Republic of China, with a principal place of business located at Laoxianhong Road, Xiaogang Management Zone, Honghu City, Jingzhou, Hubei, China 434000. Plaintiff operates the Amazon storefront "stbeyond" and uses the MAGIGIFT trademark in U.S. commerce. The MAGIGIFT mark is the subject of U.S. Trademark Registration No. 5,821,390, which was registered in the name of Honghu Wolun Electronic Commerce Co., Ltd., a Chinese entity believed to be affiliated with Plaintiff and sharing the same principal business address. The variation in names appears to result from differences in English-language translation.

10. Upon information and belief, Defendant Skull Candy Limited is a corporation organized under the laws of Samoa, with a principal place of business located at Pat Ah Him Building, 2nd Floor, Saleufi Street, Apia, Samoa 00000, as listed in public records maintained by the United States Patent and Trademark Office.

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction), 28 U.S.C. § 1338(a) (Jurisdiction over Trademark Actions), and 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

12. This Court has personal jurisdiction over Defendant pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure and applicable constitutional standards. Defendant operates fully interactive Amazon storefronts that are expressly directed at U.S. consumers, including those in Illinois, by offering products for sale and shipping in the U.S. and this District. Plaintiff has identified listings for the Accused Products that were available for purchase by Illinois residents and configured to reach consumers in this forum. While Plaintiff has not yet obtained records confirming a completed sale into Illinois, the nature of Defendant's online business, along with its deliberate targeting of the U.S. market, supports the exercise of personal jurisdiction and justifies jurisdictional discovery if needed.

13. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3), as Defendant is not a resident of the United States and is subject to personal jurisdiction in this district. Venue is also proper under 28 U.S.C. § 1391(c)(3), which permits suit in any judicial district against a defendant that is not a resident of the United States.

14. Defendant has directed its trademark enforcement efforts at Plaintiff by reporting Plaintiff's listings to Amazon.com, alleging infringement of the '807 Registration. These allegations, made through Amazon's private rights enforcement system, have had a direct and adverse effect on Plaintiff's business operations in the United States, including in this District.

15. On or about June 27, 2025, Defendant submitted a complaint to Amazon.com (the "Amazon Complaint"), seeking to remove Plaintiff's product listings from the platform. The Amazon marketplace constitutes a primary channel of commerce for Plaintiff's products.

16. Absent judicial intervention, Amazon has removed Plaintiff's products identified by the following ASINs: B07V5LV584, B083QLRBLK, B08577SWTR, B089KFK4Q7, and

B08ZNLBJP7 (collectively, the "Accused Products"), based solely on Defendant's assertion that the Accused Products infringe the '807 Registration.

17. By submitting the Amazon Complaint, Defendant purposefully availed itself of the benefits and protections of U.S. law and knew, or should have known, that its actions would cause harm to Plaintiff in this District. Defendant's conduct constitutes unfair competition directed at Plaintiff and has materially interfered with Plaintiff's ability to conduct lawful business in Illinois and throughout the United States.

18. Venue is proper in this District under 28 U.S.C. § 1391, as a substantial part of the events giving rise to this action occurred here. Defendant's enforcement actions have restrained Plaintiff's ability to trade in this forum and caused commercial harm within this District.

**FACTUAL BACKGROUND**

A. **PLAINTIFF'S SENIOR USE AND TRADEMARK RIGHTS**

19. Plaintiff has used the MAGIGIFT mark in U.S. commerce in connection with cookie cutters since at least as early as June 7, 2018, which predates the filing date of Defendant's U.S. Trademark Registration No. 7,201,807. Since that time, Plaintiff has fulfilled more than 100,000 orders under the MAGIGIFT mark. True and correct copies of representative order records evidencing such sales are attached hereto as Exhibit C.



20. In addition to its common-law rights, Plaintiff owns U.S. Trademark Registration No. 5,821,390 for the MAGIGIFT mark, registered on July 30, 2019. The registration covers a range of goods in International Class 26, including barrettes, elastic ribbons, elastic tape, haberdashery ribbons, hair sticks, hair ties, hair scrunchies, hair bands, hair clips, and related accessories. A true and correct copy of the registration certificate is attached hereto as Exhibit D.

21. Plaintiff has invested over $90,000 in advertising through its Amazon seller account and has generated sales exceeding $800,000 in connection with products sold under the MAGIGIFT name. These figures reflect Plaintiff's longstanding commercial use of the designation and its presence in U.S. commerce. A true and correct copy of Plaintiff's Amazon seller dashboard summarizing relevant sales and advertising data is attached hereto as Exhibit E.

B. **DEFENDANT'S JUNIOR USE AND WRONGFUL ACTIONS**

22. On October 24, 2023, the United States Patent and Trademark Office issued U.S. Trademark Registration No. 7,201,807 (the "'807 Registration") to Defendant. The registration covers cookie cutters and related goods that are identical or closely related to the products Plaintiff has long offered under the MAGIGIFT name. (See Exhibit A).

23. Defendant filed the application for the '807 Registration on September 25, 2022. Plaintiff's use of the MAGIGIFT mark in U.S. commerce began more than four years earlier, as evidenced by Plaintiff's sales records and federal registration. (See Exhibits C and D).

24. On or about June 27, 2025, Defendant submitted complaints to Amazon.com alleging that Plaintiff's products infringed the '807 Registration. As a result, Amazon removed Plaintiff's product listings from its marketplace. (See Exhibit B.)

25. The removal of these listings has caused significant harm to Plaintiff's business, which depends on Amazon as a primary sales channel.

### C. LIKELIHOOD OF CONFUSION

26. The MAGIGIFT mark used by Plaintiff is identical in spelling, sound, and overall commercial impression to the mark claimed by Defendant in the '807 Registration.

27. Plaintiff and Defendant market their products to similar consumer groups and rely on overlapping distribution channels, including online marketplaces such as Amazon.

28. Defendant's use and assertion of rights in the MAGIGIFT mark creates a likelihood of consumer confusion and has caused, and continues to cause, irreparable harm to Plaintiff's reputation, goodwill, and commercial relationships.

### D. INVALIDITY OF THE '807 Mark

29. Plaintiff is the senior user of the MAGIGIFT mark, with continuous use in U.S. commerce predating both the filing and registration of Defendant's '807 Registration.

30. Upon information and belief, Defendant knowingly filed an application to register a mark identical to Plaintiff's, despite Plaintiff's prior rights. Such conduct violates Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), which prohibits registration of a mark that is likely to cause confusion with a previously used mark.

31. Defendant's conduct demonstrates bad faith and constitutes an abuse of the trademark registration system. The '807 Registration is therefore invalid and unenforceable.

## COUNT I
## DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT

32. Plaintiff realleges and incorporates by reference Paragraphs 1 through 30 as if fully set forth herein.

33. Plaintiff avers that it owns valid and enforceable trademark rights in the MAGIGIFT mark, including U.S. Trademark Registration No. 5,821,390.

34. Plaintiff avers that Defendant's use of the MAGIGIFT mark without authorization is likely to cause confusion, mistake, or deception among consumers.

35. Plaintiff avers that, contrary to Defendant's assertions of trademark infringement, it is Defendant's conduct that constitutes infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Plaintiff avers that, as the senior user of the MAGIGIFT mark, it has not violated any rights held by Defendant and has not engaged in trademark infringement or unfair competition.

37. Plaintiff avers that it has suffered and will continue to suffer irreparable harm, including the loss of goodwill, disruption of commercial relationships, and lost sales, as a direct result of Defendant's conduct.

38. Plaintiff avers that it is entitled to a declaratory judgment that its use of the MAGIGIFT mark in connection with the sale of household cookie cutters does not infringe any trademark rights held or claimed by Defendant. Plaintiff is the senior user of the mark and holds a federal registration that predates Defendant's registration by more than four years.

## COUNT II
## CANCELLATION OF THE '807 Mark (15 U.S.C. § 1119)

39. Plaintiff realleges and incorporates Paragraphs 1 through 37 as if fully set forth herein.

40. Plaintiff is the senior user of the MAGIGIFT mark and has priority rights under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). Defendant's '807 Registration is invalid because it conflicts with Plaintiff's prior rights and is likely to cause confusion in the marketplace.

41. Upon information and belief, Defendant knowingly filed its application for the '807 Registration with actual or constructive knowledge of Plaintiff's prior use, and did so in bad faith in an effort to appropriate Plaintiff's mark.

42. Pursuant to 15 U.S.C. § 1119, Plaintiff respectfully requests that the Court order the cancellation of U.S. Trademark Registration No. 7,201,807.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

1. A declaratory judgment that Plaintiff's use of the MAGIGIFT mark does not infringe any trademark rights of Defendant under 15 U.S.C. § 1114;

2. A declaratory judgment that U.S. Trademark Registration No. 7,201,807 (the "'807 Registration") is invalid and unenforceable;

3. An order preliminarily and permanently enjoining Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons or entities acting in concert or participation with any of them from:

    A. Asserting claims of trademark infringement against Plaintiff based on the '807 Registration; and

    B. Failing to withdraw, or refusing to take reasonable steps to withdraw, the Amazon Complaint or any similar enforcement action directed at Plaintiff's products;

4. An order requiring Defendant to notify Amazon.com in writing of the Court's ruling and to request the reinstatement of Plaintiff's product listings identified by ASINs B07V5LV584, B083QLRBLK, B08577SWTR, B089KFK4Q7, and B08ZNLBJP7;

     5.       An award of Plaintiff's reasonable attorneys' fees and costs incurred in connection with this action; and

     6.       Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: July 16, 2025                                               Respectfully submitted,

                                                                   /s/Alexander Warden
Alexander Warden
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 W 40th Street, Fl 4 & 5
New York NY, 10018
(347)420-0279
*Attorney for Plaintiff,*
*Honghushi Warren Electronic*
*Commerce Co. LTD*