**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Honghushi Warren Electronic Commerce Co. LTD, <br><br> Plaintiff, <br><br> v. <br><br> Skull Candy Limited, <br><br> Defendants. | **Civil Action No.: 25-cv-08109** <br><br> **Judge Steven C. Seeger** |

**DECLARATION OF ALEXANDER WARDEN IN SUPPORT OF TEMPORARY RESTRAINING ORDER**

I, Alexander Warden, declare as follows:

1. I am counsel of record for Plaintiff Zhongshan Honghushi Warren Electronic Commerce Co. LTD in the above-captioned matter. I make this declaration in support of Plaintiff's Motion for Temporary Restraining Order. I have personal knowledge of the facts set forth herein or have obtained such knowledge through communications with my client and review of documents maintained in the ordinary course of Plaintiff's business. If called to testify, I would do so competently based on that knowledge.

2. Attached as Exhibit A is a true and correct copy of Plaintiff's U.S. Trademark Registration No. 5,821,390 for the MAGIGIFT mark, downloaded from the USPTO's TSDR system.

3. Attached as Exhibit B is a true and correct copy of Defendant's trademark.

4. Attached as Exhibit C is a true and correct copy of Amazon's IP infringement notices. In addition to information about the IP owner, it included details on Amazon's policy for

inventory removal, which outlines the risk that frozen inventory may be discarded if disputes remain unresolved.

5. Attached as Exhibit D is a true and correct copy of Plaintiff's Amazon advertising fee documentation, reflecting the significant marketing investments made to promote the MAGIGIFT brand.

6. Attached as Exhibit E are true and correct copies of representative order records showing that Plaintiff has fulfilled over 100,000 orders using the MAGIGIFT mark.

7. Attached as Exhibit F is a true and correct copy of Plaintiff's Amazon sales report comparing July 2025 with prior periods. The data reflects a steep decline in sales beginning shortly after Defendant submitted its complaint.

8. Attached as Exhibit G is a screenshot of Plaintiff's current Amazon inventory, showing that the products remain blocked and unavailable for sale.

9. Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, I certify that notice of this Motion should not be required because Defendant's takedown complaint has already triggered a delisting of Plaintiff's Amazon product listings, and Amazon's policies indicate that blocked inventory may be destroyed or otherwise rendered unrecoverable if the dispute remains unresolved. Plaintiff learned of this risk only recently, and immediate relief is needed to prevent irreparable harm to Plaintiff's brand, reputation, and sales. Providing advance notice to Defendant would further delay resolution and risk permanent loss of Plaintiff's inventory before the Court has an opportunity to act. Plaintiff will promptly serve Defendant with all papers once the TRO is entered, and is not seeking to avoid notice indefinitely, only to preserve the status quo long enough for meaningful judicial review.

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 11, 2025　　　　　　　　　　Respectfully submitted,

<u>Alexander Warden, Esq.</u>
Alexander.warden@walflaw.com
West Atlantic Law Firm, PLLC
104 West 40th Street, 4th and 5th Floor
New York, NY 10018
*Attorney for Plaintiff,*
*Honghushi Warren Electronic Commerce Co. LTD.,*